**IN THE COURT OF APPEALS OF IOWA**

No. 17-0700
Filed July 19, 2017

**IN THE INTEREST OF R.L.,**
**Minor Child,**

**M.O., Mother,**
　　Appellant,

**C.L., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Susan C. Cox, District Associate Judge.

　　A mother and father separately appeal from the order terminating their parental rights. **AFFIRMED.**

　　Jesse A. Macro of Macro & Kozlowski, L.L.P., West Des Moines, for appellant mother.

　　Tod J. Beavers, of Tod J. Beavers, P.C., Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

　　Joseph P. Vogel of Vogel Law, P.L.L.C., Des Moines, for minor child.

　　Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

A mother and father separately appeal from the termination of their parental rights to their child, R.L. Both parents assert termination is not in R.L.'s best interests and Iowa Code section 232.116(3) (2017) exceptions apply to preclude the need for termination. Due to the parents' histories of substance abuse, and failure to engage in services and to demonstrate an ability to parent R.L., we conclude termination is in R.L.'s best interests and no section 232.116(3) exception applies. We therefore affirm.

R.L. was born to the mother and father in December 2014. The parents are unmarried. The family came to the attention of the department of human services (DHS) in May 2015 when R.L. was admitted to the hospital for seizures caused by brain injuries consistent with child abuse. The incident resulted in a founded child-abuse assessment by DHS, noting the perpetrator was unknown. In June 2015, the mother and father both tested positive for THC. R.L. was removed from their care on June 29, 2015, and placed with his maternal grandmother.

Both parents have extensive substance-abuse histories. The mother completed treatment during the pendency of this matter, but did not participate in aftercare and refused to submit to drug testing by patch. The father also completed outpatient substance-abuse treatment, but only attended continuing care for approximately one month. The father refused requested drug testing during this case and admitted to a relapse in June or July of 2016.

The parents have a history of domestic violence. They were no longer in a relationship at the time of the termination hearing.

In December 2016, the father was convicted of third-degree burglary and second-degree theft and was given a deferred judgment. However, the father was subsequently incarcerated due to an arrest for forgery. The father was incarcerated at the time of the termination hearing.

Both parents demonstrated inconsistent participation in DHS services. The mother missed Family Safety, Risk and Permanency (FSRP) meetings, and did not consistently attend individual counseling. The father did not attend all scheduled interactions with R.L. and missed a number of FSRP meetings. The father discontinued participation in all DHS services in June 2016, stating he wished to voluntarily terminate his parental rights to R.L. The father subsequently determined he would not consent to termination, but did not demonstrate an improved participation in services.

Most significantly, neither parent demonstrated an ability to appropriately parent R.L. The father was incarcerated at the time of the termination hearing and had not adequately addressed his substance-abuse and mental-health issues such that he could safely care for R.L. The initial concerns regarding the mother's ability to parent R.L. remained present throughout the pendency of this matter. The mother was unable to control her anger and to put R.L.'s needs above her own. R.L. was returned to the mother's custody in June 2016 with the condition that she continue living with the maternal grandmother. During that time, the mother and maternal grandmother argued because the mother did not take adequate responsibility for parenting R.L., often wanting to go out with friends instead. The mother struggled to care for R.L. during the night and in the morning. The arrangement ended in July 2016 when the maternal grandmother

asked the mother to move out based on her concerns with the mother's lack of parenting abilities and the mother's inability to control her anger and react appropriately to the maternal grandmother's parenting suggestions. The mother did not attend R.L.'s last two doctor's appointments. At the time of the termination hearing, the mother did not have a residence where she could care for R.L. and did not have a long-term plan to provide a safe environment for R.L.

Both the mother and father admitted R.L. could not be safely returned to their care at present.

The termination hearing was held February 23, 2017. On April 23, the juvenile court entered an order terminating the parents' parental rights to R.L. pursuant to section 232.116(1)(h). Both parents appeal.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Our primary concern is the child's best interests. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). In determining whether termination is appropriate, we first determine if a ground for termination exists under section 232.116(1); second, we consider whether termination is in the child's best interests pursuant to section 232.116(2); and last, we consider if any section 232.116(3) exception applies to preclude the need for termination. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

The parents do not contest the grounds for termination, and we find such grounds exist under section 232.116(1)(h). At the time of the termination hearing R.L. was under the age of three, had been adjudicated a child in need of assistance, had been removed from the parents' custody for the requisite time period, and could not be returned to the parents' care due to both parents' failure

to adequately address their substance-abuse problems, obtain appropriate housing, and demonstrate an ability to parent R.L., and both parents' admission R.L. could not be returned to their care.

The parents assert termination is not in R.L.'s best interests and termination is not warranted due to the strong parent-child bond and because R.L. is in the custody of a family member, the maternal grandmother. *See* Iowa Code § 232.116(2), (3).

We conclude termination is in R.L.'s best interests. R.L. has been out of the parents' custody for nearly his whole life. The parents have failed to demonstrate they are capable of addressing their substance-abuse and mental-health issues and putting R.L.'s needs above their own. The parents have been given ample time to provide a safe environment for R.L. and have not done so. "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that a parent is capable of providing." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (citation omitted). R.L. has waited long enough for permanency and stability. We find termination of the parents' parental rights is in R.L.'s best interests.

We also conclude no section 232.116(3) exception applies to preclude the need for termination. Section 232.116(3)(c) provides an exception to termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." However, it is the parents' relationship with R.L. and their instability that has shown to be detrimental. We find any bond the parents have with R.L.

does not outweigh R.L.'s need for immediate permanency. *See C.B.*, 611 N.W.2d at 495 ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency."). Additionally, section 232.116(3)(a) provides an exception to termination when "[a] relative has legal custody of the child." However, the exception does not apply here because R.L. is in the legal custody of DHS, not the maternal grandmother. *See A.M.*, 843 N.W.2d at 113.

We conclude there is a ground for termination under section 232.116(1)(h) with respect to each parent, termination is in R.L.'s best interests, and no exception applies to preclude the need for termination. We therefore affirm the termination of the parents' parental rights to R.L.

**AFFIRMED.**